FILM RENOVATING CO. OF AMERICA, INC., Plaintiff, *v.* ROBERT LEFKOF, Defendant.

Supreme Court, Special Term, Queens County, October 15, 1943.

*David Gerhardt* for defendant.

*Hale & Rowen* for plaintiff.

DALY, J. This is a motion by the defendant, appearing by an attorney, to stay the trial of this action and to place it upon the Military Suspense Calendar (Appellate Division, Second Department, Special Rule Two, adopted May 26, 1941), until he has been discharged from the military service of the United States.

The action is for the return of certain property alleged to belong to the plaintiff. It was commenced in February, 1943, and issue was joined on March 21, 1943. The plaintiff moved in September, 1943, for the appointment of a receiver and, in denying the motion, Mr. Justice HALLINAN said: "The conflicting affidavits in respect to the property in question and the alleged oral agreement require the denial of the drastic remedy of a temporary receivership, and the motion is accordingly denied. However, since the case has already been placed on the calendar and the defendant is about to be inducted into the military service, there should be an early trial, and to that end

the court directs that the case be advanced on the calendar for trial on September 20, 1943, subject to the approval of the justice presiding." (N. Y. L. J., Sept. 14, 1943, p. 537.) On September 13, 1943, the plaintiff was inducted into the service with orders to report for active duty at Fort Dix, New Jersey, on October 4, 1943. The case appeared on the calendar for trial on September 20, 1943, and was adjourned, apparently because neither side was ready, to September 27, 1943. On that day, the defendant requested an adjournment which request was granted and the case placed on the calendar for trial on October 4, 1943. On October 4th, a motion was made before this court to stay the trial. After hearing argument, plaintiff's attorney was directed to communicate with the camp at which the defendant was stationed to ascertain whether he would be available for trial. The motion was adjourned for all purposes to October 14, 1943.

It appears that said attorney conferred with an Assistant Post Judge Advocate stationed at Fort Dix, N. J., and was informed that no man is entitled to a pass or leave for his first twenty-one days in service inasmuch as during this time he is under quarantine. However, in the event there are unusual circumstances, the man, if he so desires, may put in an application for a pass to his commanding officer who in his discretion may grant a pass. No such application for a pass was made by the defendant and consequently none was granted.

Under the rule adopted by the Appellate Division on May 26, 1941, application may be made to place a cause on the Military Suspense Calendar on the ground that a party or a material witness is in the military or related services " and is *unable to be present at the trial.*" While it appears in the instant case that the defendant is in the military service and cannot be present at the trial at will, he is stationed nearby and it is possible for him in the appreciably near future to obtain permission to attend trial on a day certain. In view of the fact that his business is continuing under the guidance of a friend and business associate and the use of the machinery, which is the subject of the action, is being continued in connection with such business, and the learned court in denying the motion for a receivership directed an early disposition of the action, this court feels that it would be an improvident exercise of discretion to place the case indefinitely upon the Military Suspense Calendar.

It would seem from a consideration of the decided cases that the bare fact that a material witness is in military service is

insufficient to justify the retention of a case on the Military Suspense Calendar (*Stupore* v. *Avanti Realty Corp.*, 266 App. Div. 682), nor is it a ground for the denial of a motion to examine a party to the action before trial. (*Martin* v. *Paladino*, 180 Misc. 944.)

In the first-cited case, a personal injury action was placed on the Military Suspense Calendar because an employee of the defendants, who was a material witness to the accident, was in the military service. Contending that the deposition of said witness could be readily obtained, the plaintiffs moved for an order restoring the case to the ready day calendar for trial. This court denied the motion upon the ground that the veracity of the witness would be a decisive factor in the determination of the issue of negligence, and that the cold words of the deposition which might be taken would not possess the conviction which the witness' presence would impart to the jury in assaying his testimony. The Appellate Division reversed, stating that: " Defendants have shown no willingness to co-operate to procure the deposition of their witness, who is stationed at Camp Upton. Where such testimony is available, the cause should not be continued on the Military Suspense Calendar merely because the witness is unable physically to be present at the trial."

In *Martin* v. *Paladino* (*supra*) the defendants resisted a motion by the plaintiff to examine one of them before trial upon the ground that he was in the military service. In overruling this objection, Mr. Justice HALLINAN said: " It would seem from the meager facts disclosed in the moving affidavit that with the defendants' co-operation, the deposition may be readily obtained. In view of the recent induction, it is quite likely that the defendant whose examination is sought will be available within a reasonable time for examination." (Citing *Stupore* case, *supra*.)

By a parity of reasoning, the defendant here has not shown any willingness to co-operate to procure an early determination on the merits of the instant action in accordance with the direction of Mr. Justice HALLINAN when he denied the plaintiff's motion to appoint a receiver, nor has it been shown that an open commission of the defendant's testimony will not suffice without prejudice to him in the determination of the issues presented in this action.

Accordingly, the motion to place the case upon the Military Suspense Calendar is denied. The case has already been placed on the ready calendar for trial on October 21, 1943, and counsel

should communicate with the commanding officer of the camp where the defendant is stationed to obtain a pass for that day and, if unable to do so, to ascertain the date on which leave to the defendant may be granted to attend the trial of his action. After such date is obtained, it shall be communicated to this court in order to fix a day certain for the trial.

Settle order on notice.